ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| SR. CARLOS E. VARGAS FIGUEROA Y OTROS<br><br>Peticionarios<br><br>V.<br><br>DEPARTAMENTO DE HACIENDA Y DEPARTAMENTO DE CORRECCION Y REHABILITACIÓN<br><br>Recurridos | KLRA202300623 | *REVISIÓN ADMINISTRATIVA* procedente de la Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: PA-737-23<br>PA-856-22<br>CEN-23-00156-160<br><br>Sobre: MOCIÓN EN SOLICITUD Y REQUIRINMIENTO DEL PAGO DEL ESTIMULO EN MANDAMUS U ORDEN |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de enero de 2024.

Comparece ante *nos*, Carlos E. Vargas Figueroa, José E. Valle Cardona, Iván Jr. Orta Cuprill, José H. Echevarría Piña y Tomás Fernández Rodríguez (en conjunto, la parte recurrente), quienes se encuentran confinados en la Institución Ponce 1,000 Sección 3-P y recurren por derecho propio *in forma pauperis*. En su recurso, la parte recurrente solicitó que se le ordene al Departamento de Hacienda de Puerto Rico (Hacienda) y al Departamento de Corrección y Rehabilitación de Puerto Rico (Departamento de Corrección) a que le hagan entrega de los cheques del estímulo económico concedidos a raíz de la pandemia del COVID-10, bajo la ley federal *Coronavirus Aid, Relief and Economic Security Act* (CARES Act).

Sin necesidad de trámite ulterior y por los fundamentos que expondremos a continuación, se *desestima* el recurso de revisión judicial por falta de jurisdicción.

**I.**

Con fecha del 20 de octubre de 2022, el recurrente, Carlos E. Vargas Figueroa, presentó una *Solicitud de Remedio Administrativo* ante la División de Remedios Administrativos del Departamento de Corrección. Alegó que había solicitado ayuda para conocer que había ocurrido con el pago del estímulo económico del CARES Act y que no había recibido respuesta.

Consecuentemente, el 28 de noviembre de 2022, la División de Remedios Administrativos a través de la Técnica Sociopenal, Michelle Graniela Loyola, emitió una *Respuesta del Área Concernida/Superintendente.*[1] En esta, determinó que confirmó la información ofrecida por el confinado y ciertamente no había recibido el pago del estímulo económico. Además, esbozó que al momento no contaba con instrucciones para la acción pertinente a este tipo de caso. Así, sugirió que el caso fuera referido directamente a las oficinas de nivel central del Departamento de Corrección, Oficinas de Programas y Servicios, para que el caso fuera trabajado conforme a lo establecido entre las agencias.

Así las cosas, el 18 de agosto de 2023, Carlos E. Vargas Figueroa presentó una segunda *Solicitud de Remedio Administrativo*. En la misma, reiteró los argumentos esbozados en su primera solicitud. Añadió que se comunicó con las oficinas de nivel central por escrito y que no recibió una contestación. El 13 de septiembre de 2023, la División de Remedios Administrativos del Departamento de Corrección a través de la Asistente de Sistema de Contabilidad

---

[1] La *Respuesta del Área Concernida/Superintendente* fue notificada el 27 de enero de 2023.

emitió una segunda *Respuesta del Área Concernida/Superintendente.*[2] En esta, se le recomendó al confinado que solicitara una entrevista con su Técnico de Servicio Sociopenal, para que contactase a un familiar o persona de confianza para que se comunique al Departamento de Hacienda o acceda bajo sus credenciales al Sistema Unificado de Rentas Internas (SURI), ya que es allí donde se le indica si en efecto el desembolso fue realizado, si existe algún error, si requieren información adicional y/o cualquier otra alegación al respecto. Agregó que para poder beneficiarse del tercer incentivo económico de $1,400.00, debe someter la Planilla de Contribución sobre Ingresos, para el período del 2021 y la solicitud debía ser completada a través de SURI.

Subsiguientemente, el 25 de octubre de 2023, Carlos E. Vargas Figueroa presentó una *Solicitud de Reconsideración.* Acentuó que solo tiene una hermana, pero esta desconoce los procedimientos por no estar actualizada en la tecnología y ser una persona mayor. Asimismo, solicitó una investigación más a fondo, ya que entendía que podía existir un potencial fraude.

El 30 de octubre de 2023, la División de Remedios Administrativos del Departamento de Corrección emitió una *Respuesta de Reconsideración al Miembro de la Población Correccional.* Dicha *Respuesta de Reconsideración al Miembro de la Población Correccional* fue notificada el 13 de noviembre de 2023. En apretada síntesis, la División de Remedios Administrativos denegó la petición de reconsideración. Indicó que las instrucciones impartidas por el Departamento de Hacienda es que tiene que solicitar el estímulo a través de SURI. Así, exhortó a que el familiar se oriente con un contable público autorizado (CPA).

---

[2] La segunda *Respuesta del Área Concernida/Superintendente* fue notificada el 25 de septiembre de 2023.

Inconforme, el 30 de noviembre de 2023, la parte recurrente presentó ante este Tribunal una *Moción en Solicitud y Requerimientos del Pago del Estimulo Federal Covid-19 en Mandamus u Orden*. Afirmó que han estado esperando un promedio de dos (2) años y seis (6) meses para que se resuelva el asunto. Por lo cual, solicitó que se le ordene al Departamento de Hacienda y al Departamento de Corrección a que le hagan entrega de los cheques del estímulo económico concedidos a raíz de la pandemia del COVID-10, bajo el CARES Act.

**II.**

**A. La jurisdicción**

Como cuestión de umbral, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 909 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 222 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003); *Autoridad Sobre Hogares v. Sagastivelza*, 71 DPR 436, 439 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage, Inc. v. Fossas Blanco y otros*, 211 DPR 135 (2023); *González Santos v. Bourns P.R., Inc.*, 125 DPR 48, 63 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 683 (2011); *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

Además, cabe destacar que "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y

controversias". *MCS Advantage, Inc. v. Fossas Blanco y otros, supra.* Véase, además, *S.L.G. Solá-Moreno v. Bengoa Becerra, supra,* pág. 682; *Asoc. Punta Las Marías v. A.R.Pe.,* 170 DPR 253, 263 (2007). En particular, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción "trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*". *MCS Advantage, Inc. v. Fossas Blanco y otros, supra.* Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009).

Por consiguiente, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 264 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco,* 177 DPR 854, 859-860 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et al. v. R.F. Mortgage and Investment Corp.,* 182 DPR 86, 97 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco, supra,* pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo, supra.*

**B. Perfeccionamiento del recurso de revisión**

El perfeccionamiento del recurso de revisión está regulado en la Parte VII del Reglamento del Tribunal de Apelaciones.

Específicamente, la Regla 59 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, dispone que:

Contenido del recurso de revisión

[...]

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a) En la comparecencia, el nombre de los recurrentes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

[...]

(E) Apéndice

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del Apéndice.

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier

asunto planteado en el recurso de revisión o que sean relevantes a ésta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el Apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

(2) El tribunal podrá permitir, a petición del recurrente en el recurso, en moción o motu proprio, a la parte recurrente la presentación de los documentos a que se refiere el subinciso (1) con posterioridad a la fecha de presentación del recurso de revisión, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza los documentos.

La omisión de incluir los documentos del Apéndice no será causa de desestimación del recurso.

El Tribunal Supremo de Puerto Rico señaló en *Morán v. Martí,* 165 DPR 365, 366 (2005), la necesidad de discutir y fundamentar los errores que se imputan al foro de instancia. Allí explicó que el promovente del recurso tiene la obligación de poner en posición al foro apelativo de aquilatar y jurisprudenciar el error señalado. Así pues, nuestro máximo Foro reconoció que "solamente mediante un señalamiento de error y una discusión, fundamentada, con referencia a los hechos y a las fuentes de derecho en que se sustenta, podrá el foro apelativo estar en posición de atender los reclamos que le plantean". Además, señaló como más importante que "el craso incumplimiento con estos requisitos impide que el recurso se perfeccione adecuadamente privando de jurisdicción al foro apelativo". Íd.

Así, toda la reglamentación aplicable a los diversos recursos apelativos requiere que el escrito contenga un señalamiento breve y conciso de los errores que a juicio del promovente cometió el foro recurrido. H. Sánchez Martínez, *Práctica Jurídica de PR, Derecho Procesal Apelativo,* Ed. LexisNexis de PR Inc., Hato Rey, PR, (2001), pág. 294. El cumplimiento de esa exigencia es importante porque el tribunal apelativo está obligado a considerar solamente los errores que el promovente señaló específicamente. Íd. No obstante, esa

omisión no es fatal, si el litigante de facto alude de otro modo al error contenido y lo discute en su alegato. Íd.

## C. Incumplimiento con el Reglamento del Tribunal de Apelaciones

La Regla 83 (C), 4 LPRA Ap. XXII-B, del Reglamento del Tribunal de Apelaciones dispone que ese foro podrá *motu proprio*, en cualquier momento, desestimar un recurso porque: (1) no tiene jurisdicción; (2) se presentó fuera del término establecido en ley y sin justa causa; (3) no se presentó con diligencia o buena fe; (4) es frívolo y surge claramente la falta de una controversia sustancial; (5) es académico.

Las partes deben observar rigurosamente las disposiciones reglamentarias para el perfeccionamiento de los recursos ante los foros apelativos. *M-Care Coumpounding et al v. Dpto. de Salud,* 186 DPR 159-176 (2012); *Pueblo v. Rivera Toro,* 173 DPR 137, 144 (2008). Así pues, la aplicación flexible del reglamento solo procede en situaciones muy particulares, en las cuales tal flexibilidad está plenamente justificada. El Tribunal Supremo de Puerto Rico reconoció que el reglamento debía aplicarse flexiblemente, cuando se incumple con un requisito de forma de menor importancia. *Arriaga v. FSE,* 145 DPR 122, 130 (1998).

Asimismo, en *Febles v. Romar,* 159 DPR 714 (2003), el Tribunal Supremo de Puerto Rico advirtió que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales".

### III.

En el caso ante *nos*, el recurso presentado por la parte recurrente no es revisable. La parte recurrente incumplió sustancialmente con los requisitos reglamentarios para su perfeccionamiento, necesarios para que podamos asumir jurisdicción y atenderlo. Es decir, la parte recurrente incumplió con

el Reglamento del Tribunal de Apelaciones, al no incluir ni discutir los errores que imputa al foro administrativo. Tal omisión, imposibilita que podamos aquilatar de forma adecuada la determinación de ese foro.

Además, la parte recurrente omitió hacer referencia a la ley y la jurisprudencia aplicable en la que está fundamentada su solicitud de revisión. Tampoco incluyó una discusión basada en fundamentos de hecho y derecho cuestionando la decisión de la agencia. Por último, solo se incluyeron en el apéndice los documentos relacionados al recurrente Carlos E. Vargas Figueroa, pero se omitieron los de José E. Valle Cardona, Iván Jr. Orta Cuprill, José H. Echevarría Piña y Tomás Fernández Rodríguez; por lo que, estamos imposibilitados de atender su reclamación.

En fin, la ausencia de señalamientos de error y de una discusión basada en fundamentos de hecho y de derecho, junto a la falta de documentos de los recurrentes, nos privan de jurisdicción para atender el recurso. Ahora bien, no podemos pasar por desapercibido que la División de Remedios Administrativos del Departamento de Corrección instruyó a Carlos E. Vargas Figueroa para que un familiar o persona de confianza de este se comunicara con el Departamento de Hacienda o accediera a SURI, porque es allí donde le indica si en efecto el desembolso fue realizado, si existe algún error, si requieren información adicional y/o cualquier otra alegación al respecto; en la alternativa, se le instruyó al recurrente a que su familiar se orientara con un CPA. Sostenemos que, en primer lugar, Carlos E. Vargas Figueroa debió cumplir con la instrucción brindada por la División de Remedios Administrativos y de haber cumplido con esta, el expediente está huérfano sobre el particular.

**IV.**

Por los fundamentos antes expuesto, se *desestima* el recurso de revisión judicial por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solis
Secretaria del Tribunal de Apelaciones